# JOHN A. BLANKENBURG v. MINNEAPOLIS STEEL & MACHINERY COMPANY.[1]

September 23, 1921.

No. 22,418.

**Dismissal of action — judgment upon pleadings.**

An attempted dismissal of an action by plaintiff was set aside and judgment ordered for defendant for its costs and disbursements. Plaintiff appealed. *Held*: Defendant was not entitled to judgment on the pleadings, because of an issue of fact as to whether an injury sustained by plaintiff came under the Workmen's Compensation Act, and hence the regularity of the dismissal was immaterial. [Reporter.]

Action in the district court for Hennepin county to recover $22,650 for

[1]Reported in 184 N. W. 368.

X-ray injuries. Defendant's motion to set aside plaintiff's dismissal of the action was granted by Molyneaux, J. From the judgment of dismissal entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*A. O. Edwards, George T. Simpson & John F, Dahl* and *Eugene S. Bibb,* for appellant.

*Dille, Hoke, Krause & Faegre* and *Cobb, Wheelwright & Benson,* for respondent.

PER CURIAM.

This is an appeal from a judgment entered upon an order vacating and setting aside an attempted dismissal of an action by plaintiff and ordering judgment in favor of the defendant for its costs and disbursements.

The action was brought to recover damages for personal injuries. The defendant appeared and answered. In his reply plaintiff demurred to paragraph 3 of defendant's answer, which set up a settlement under the Workmen's Compensation Act, upon the ground that the same did not state facts sufficient to constitute a defense, and further the reply put in issue other portions of the answer. Thereafter a hearing was had upon the demurrer and a decision filed overruling the same with leave to amend the reply, which plaintiff failed to do. Some two months later plaintiff filed with the clerk a writing dismissing the action without prejudice. Subsequently the court, upon the return of an order to show cause, set aside the attempted dismissal and ordered judgment in favor of the defendant for its costs and disbursements. Judgment was so entered from which this appeal was taken.

The regularity of the order overruling the demurrer is not questioned upon this appeal. It challenges only paragraph 3 of the answer. It is set forth in the reply, in effect, that the cause of action alleged in the complaint is not subject to and does not come under the Workmen's Compensation Act. The injury complained of is alleged to have resulted from the negligence of defendant's servants in operating an X-Ray machine in its hospital, some time subsequent to the injury sustained by plaintiff while performing his usual labor in the course of his employment by defendant about its factories. Whether the injury referred to in the complaint was subject to the act cannot well be determined until a trial is had. It is alleged by plaintiff that it was not subject to the act, while paragraph 4 of the answer alleges that it arose out of and in the course of plaintiff's employment and was subject to and limited by the provisions of the act. This allegation raises an issue of fact aside from the one raised by the paragraph demurred to, and, as we read the pleadings, was in issue at the time judgment was ordered in favor of the defendant. It follows that defendant was not entitled to judgment on the pleadings. Under this view of the case it

becomes immaterial whether the dismissal was regular, plaintiff having the right to apply to the court for leave to amend his pleadings.

Judgment reversed.